IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FLAT BRANCH MORTGAGE, INC.,** ) <br> a Missouri corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **ADVANTAGE TITLE & ESCROW, LLC,** ) <br> ) <br> Defendant. ) <br> ) <br> **Serve Defendant at:** ) <br> **330 S. Walton Blvd, Suite 21** ) <br> **Bentonville, Arkansas 72712** ) | Civil Case No._____ |

## COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff Flat Branch Mortgage, Inc., by and through its attorneys of record, brings its Complaint against the above-named Defendant and states:

## PARTIES

1. Plaintiff Flat Branch Mortgage, Inc. ("FBMI"), is a Missouri corporation, in good standing with the State of Missouri, and regularly conducts business in the State of Missouri.

2. Defendant Advantage Title & Escrow, LLC ("ATE"), is a limited liability company organized under the laws of the State of Arkansas.

3. Service of process may be obtained upon ATE by serving its registered agent, Pierce Firm, PLLC, at 2241 Green Acres Road, Fayetteville, Arkansas 72703.

## JURISDICTION AND VENUE

4. FBMI maintains its principal place of business in the Western District of Missouri at 101 S. Fifth Street, Columbia, Missouri 65201.

5. ATE is a business entity performing business, escrow, and title services in the State of Arkansas.

6. ATE communicated with FBMI and requested that FBMI take certain actions in the state of Missouri.

7. As set forth below, ATE breached various contractual and other legal obligations owed to FBMI.

8. The amount in controversy is more than $75,000.00.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332.

10. Venue is proper before this Court under 28 U.S.C. Section 1391(a).

## GENERAL FACTUAL ALLEGATIONS

11. FBMI has a loan with a borrower named Estevan Carrillo (the "Borrower"), the repayment of which is secured, in part, by a Deed of Trust encumbering property commonly described as 1605 South K Place, Rogers, Arkansas 72756 (the "Property").

12. The Borrower had entered into a contract to sell the Property, with a closing set for on or before September 30, 2019.

13. ATE agreed to serve as the closing agent for the sale of the Property by the Borrower.

14. On September 23, 2019, ATE sent FBMI a "Payoff Request Form," and requested that FBMI provide it with the payoff of the Borrower's loan with FBMI.

15. ATE requested that FBMI deliver the loan payoff amount by e-mail communication to Casey@goadvantagetitle.com.

16. On September 23, 2019, at 4:28 p.m., FBMI sent the loan payoff amount via email to Casey@goadvantagetitle.com.

17. The total loan payoff amount, as of September 23, 2019 and through September 30, 2019, is $171,969.16.

18. The loan payoff information and email sent by FBMI were received by ATE.

19. At some point after its receipt of this information, the FBMI payment instructions were altered by ATE or by someone or some entity having access to ATE's computer system.

20. The closing on the sale took place on or about September 30, 2019, and ATE sent payment to some person or entity other than FBMI.

21. ATE performed the closing and escrow services in connection with the sale of the Property, and employees and/or agents of ATE witnessed, notarized, and/or presided over the closing.

22. Because FBMI did not receive the loan payoff payment, it did not release its Deed of Trust encumbering the Property.

23. ATE contacted FBMI regarding the release of the Deed of Trust, and FBMI advised ATE that it would not release the Deed of Trust until it had the proceeds in hand to pay and satisfy the Borrower's loan with FBMI.

24. ATE attempted to tell FBMI that on October 1, 2019, FBMI had advised ATE that it had receive the loan payoff proceeds.

25. FBMI reviewed its call logs and determined that no such conversation had taken place and that it had never received the loan payoff funds.

26. Because of the lack of any apparent or actual events of default by the Borrower, FBMI suspended all credit and late charges that would be due under the applicable loan documents.

27. ATE advised FBMI that it had contacted its insurers and was investigating this matter.

28. Due to the lack of any progress and ATE's continued failure to address this problem, FBMI, through its legal counsel, sent a demand to ATE to resolve this matter on October 17, 2019.

29. On October 17, 2019, ATE advised FBMI that it was reviewing this matter with its underwriter, the Springdale Police Department, its insurance carriers, and the FBI, and stated it would advise FBMI once ATE had more information.

30. On November 7, 2019, FBMI, through its legal counsel, requested an update from ATE.

31. Since October 17, 2019, ATE has failed to communicate with FBMI or to provide the loan payoff proceeds as agreed to on September 23, 2019.

32. Since October 1, 2019, the Borrower has expressed frustration with the entire process and with FBMI.

33. FBMI values its business reputation and cannot tolerate the filing of a complaint by the Borrower, whether with a regulatory agency or a court of competent jurisdiction.

34. FBMI has performed a complete IT audit and has determined that its payoff instructions and payment instructions were received by ATE.

35. ATE failed to properly perform the closing services and pay the payoff proceeds to FBMI.

## COUNT I – BREACH OF CONTRACT

36. FBMI restates and incorporates by reference each and every allegation of Paragraphs 1 through 35 above.

37. ATE offered to provide closing and escrow services to FBMI with respect to the closing of the sale of the Property by the Borrower.

38. FBBMI accepted the offer of ATE to perform and provide closing and escrow services with respect to the closing of the sale of the Property by the Borrower.

39. In serving as the closing agent, ATE agreed to properly close the transaction and to remit the payoff amounts to FBMI.

40. ATE breached the agreement by failing to properly close the transaction and to remit the payoff amounts to FBMI.

41. FBMI reasonably relied upon ATE's agreements to comply with FBMI's closing and payoff payment instructions.

42. ATE's breach of the closing instructions have caused FBMI to incur damages and losses in an amount not less than $171,969.16.

43. FBMI requests its attorney's fees and court costs incurred in connection with this matter.

Accordingly, Plaintiff Flat Branch Mortgage, Inc., prays for judgment against the Defendant in the sum of $171,969.16, plus interest; for its costs incurred herein including, but not limited to, attorney's fees, court costs, and litigation expenses; and for such other relief the Court deems just and proper.

## COUNT II – NEGLIGENCE

44. FBMI restates and incorporates by reference each and every allegation of Paragraphs 1 through 43 above.

45. ATE served as the closing agent for the sale of the Property by the Borrower.

46. ATE, as the closing agent, had the duty to perform the closing and escrow services with reasonable care.

47. ATE breached its duties and obligations owed to FBMI, and further breached its duties and obligations as defined by industry standards, federal, state, and common law.

48. ATE's breach of its duties and obligations directly caused FBMI to suffer harm and damages.

49. FBMI has been damaged in an amount not less than $171,969.16.

Accordingly, Plaintiff Flat Branch Mortgage, Inc., prays for judgment against the Defendant in the sum of $171,969.16, plus interest; for its costs incurred herein including, but not limited to, attorney's fees, court costs, and litigation expenses; and for such other relief the Court deems just and proper.

Respectfully Submitted,

**SIGMUND BROWNING, L.L.C.**

By: \_\_\_\_\_/s/ Jonathan C. Browning\_\_\_\_\_
Jonathan C. Browning       #52820
305 East McCarty Street, Suite 300
Jefferson City, Missouri 65101
Telephone:    (573) 635-7699
Facsimile:    (573) 635-7425
E-Mail:       jbrowning@msblawfirm.com

ATTORNEY FOR PLAINTIFF